UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Dennis D. Linehan, | Case No. 0:24-cv-2689 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Gandhi, et al, | |
| Defendants. | |

---

The above matter comes before the Court upon the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko, dated October 23, 2024. Judge Micko recommends dismissal of Plaintiff Dennis D. Linehan's Amended Complaint, as well as denial of his requests for injunctive relief, referral to the Federal Bar Association's Pro Se Project, leave to file a Second Amended Complaint ("SAC"), and application to proceed *in forma pauperis*.

Specifically, Judge Micko recommends dismissal of the Amended Complaint because: (1) Mr. Linehan may not pursue claims under 42 U.S.C. § 1983 against state agencies (R&R at 5); (2) his monetary claims against individuals under § 1983 based on his civil confinement are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because he remains subject to a valid civil commitment order (*id*. at 6–7); (3) his claims concerning the constitutionality of the Minnesota Civil Commitment and Treatment Act are barred by *res judicata* (*id*. at 8–10); and (4) his claims regarding the constitutional inadequacy of his

medical care against individuals in their personal and official capacities fail to state a plausible claim for relief (*id*. 10–15).

Judge Micko likewise recommends against allowing Mr. Linehan to amend his complaint because the proposed SAC largely repeats claims from the existing amended complaint, without correcting the deficiencies leading to the recommendation to dismiss that complaint. *Id*. at 17. Furthermore, Judge Micko identified several new allegations in the SAC, but determined that these amendments were futile and explained his reasons for believing so. *Id*. at 17–21.

The district court reviews *de novo* any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Mr. Linehan timely filed objections to the R&R. ECF 17 ("Objections").[1] These Objections take issue with the R&R in specific and general ways, and the Court will treat them as fully objecting to the conclusions of Judge Micko. Therefore, the Court has reviewed the entire R&R de novo.

Having done so, the Court concludes that Judge Micko's thorough R&R contains no error, Mr. Linehan's objections are overruled, and the R&R is accepted in full. Moreover, the Court denies Mr. Linehan's subsequent motion to file a Third Amended Complaint (ECF 18), which he submitted after the issuance of the R&R and which was not addressed by Judge Micko. The Court observes that the proposed amendments feature the

---

[1] While this Order was pending, Mr. Linehan filed two additional documents styled as "objections" to the R&R. *See* ECF 22, ECF 28. Both of these documents related to his request to "directly" appeal the R&R to the Court of Appeals for the Eighth Circuit, discussed *infra*, and neither introduces new substantive objections to the R&R that were not raised in the original Objections filed at ECF 17.

same deficiencies identified by Judge Micko about the proposed SAC. The request to file a Third Amended Complaint is therefore denied for the same reasons stated in the R&R recommending denial of leave to file the SAC.

Finally, the Court notes that after the issuance of the R&R and before the entry of this Order, Mr. Linehan made two filings styled as notices of interlocutory appeals of Judge Micko's R&R. *See* ECF 24 and ECF 30. An interlocutory appeal is "an appeal that occurs before the district court issues a final decision." *Togba v. ISD #742 Saint Cloud Pub. Sch.*, No. CV 21-1497 (JRT/LIB), 2023 WL 23829, at *2 (D. Minn. Jan. 3, 2023) (citing *Black's Law Dictionary* (11th ed. 2019)). An interlocutory appeal is only permitted if the Court certifies that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. 28 U.S.C.A. § 1292(b). This Court did not receive any request to certify an interlocutory appeal in this matter, and no such certification was granted. While Mr. Linehan did not formally request *in forma pauperis* ("IFP") status in noticing his appeals, he has accompanied numerous filings in this Court with requests to proceed IFP. *See* ECF 2, 14, 19. Assuming that Mr. Linehan's notices of appeal can be construed as similarly requesting IFP status, such requests are denied. The Eighth Circuit Court of Appeals lacks jurisdiction over Mr. Linehan's interlocutory appeals because the Court did not certify them, and the appeals are therefore frivolous and not taken in good faith. *Togba*, 2023 WL 23829, at *2; *see also* Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). If Mr.

3

Linehan intends to appeal this Order, he is free to request IFP status for such an appeal at that time.

In accordance with the above, it is hereby so **ORDERED** that:

1. Plaintiff Dennis D. Linehan's Amended Complaint (ECF 8) is **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff's request for injunctive relief (ECF 8) is **DENIED AS MOOT**;

3. Plaintiff's Motion for Referral to the *Pro Se* Project (ECF 10) is **DENIED AS MOOT**;

4. Plaintiff's applications to proceed *in forma pauperis* (ECF 2, 14, 19) are **DENIED AS MOOT**;

5. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 13) is **DENIED**; and

6. Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF 18) is **DENIED**.

**LET JUDGMENT BE ENTERED**.

Date: May 7, 2025

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge